JEMMA E. DUNN
Nevada Bar No. 16229
MATTHEW T. HALE
Nevada Bar No. 16880
JOHN M. ORR
Nevada Bar No. 14251
**GREENBERG GROSS LLP**
1980 Festival Plaza Drive, Suite 730
Las Vegas, Nevada 89135
Telephone: (702) 777-0888
Facsimile: (702) 777-0801
*JDunn@GGTrialLaw.com*
*MHale@GGTrialLaw.com*
*JOrr@GGTriallaw.com*

*Attorneys for Plaintiff Jamie Stanley*

DAVID B. AVAKIAN,
Nevada Bar No. 009502
YILMAZ E. TURKERI,
Nevada Bar No. 015468
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
Telephone:702.693.1720
Facsimile: 702.893.3789
*David.Avakian@lewisbrisbois.com*
*Yilmaz.Turkeri@lewisbrisbois.com*

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JAMIE STANLEY, an individual and on behalf of similarly situated persons,<br><br>Plaintiff,<br><br>v.<br><br>SUBCONTRACTING CONCEPTS CT LLC, et al.,<br><br>Defendants. | Case No.: 2:25-cv-01958-RFB-NJK<br><br>ORDER GRANTING<br>**JOINT REQUEST TO EXTEND STAY OF DISCOVERY** |

Plaintiff Jamie Stanley and Defendants Subcontracting Concepts CT LLC, Subcontracting Concepts, LLC, Principle Distribution Arizona LLC, and Principle Distribution LLC (together, the "Parties") submit this Joint Request to Extend the Stay of Discovery under the Court's October 16, 2026 Minute Order (ECF No. 36).

## I. BACKGROUND

On November 26, 2025, Defendants moved to stay these proceedings and to compel arbitration under 9 U.S.C. §§ 3-4 (ECF No. 10). On September 29, 2026, the Court denied that motion without prejudice (ECF No. 35). On October 16, 2026, Magistrate Judge Koppe ordered the Parties to file, no later than October 30, 2026, either a joint proposed discovery plan or a request to extend the stay of discovery.

On October 27, 2026, Defendants filed a Notice of Appeal to the United States Court of Appeals for the Ninth Circuit from the Order denying the motion to compel arbitration (ECF No. 39). The appeal is docketed as Ninth Circuit Case No. [NOT FOUND IN RECORD]. The appeal is brought under 9 U.S.C. § 16(a), which authorizes an interlocutory appeal from an order denying a motion to compel arbitration.

## II. A STAY OF DISCOVERY IS MANDATORY WHILE THE APPEAL IS PENDING

The Supreme Court has settled this question. In *Coinbase, Inc. v. Bielski*, the Court framed "[t]he sole question" as "whether the district court must stay its pre-trial and trial proceedings while the interlocutory appeal is ongoing. The answer is yes: The district court must stay its proceedings." *Coinbase, Inc. v. Bielski*, 143 S. Ct. 1915, 1918 (2023). The Court reasoned that an interlocutory appeal divests the district court of control over the aspects of the case involved in the appeal. When the appeal concerns arbitrability, the entire case is effectively involved, because "the question on appeal is whether the case belongs in arbitration or instead in the district court." *Id.* at 1919-20. The Court also held that Congress need not expressly provide for a stay: "the background *Griggs* principle already requires an automatic stay of district court proceedings that relate to any aspect of the case involved in the appeal." *Id.* at 1921.

Discovery is a pre-trial proceeding within the scope of that rule. Defendants' appeal asks

whether Plaintiff's claims must be resolved in arbitration rather than in this Court, so every aspect of the merits litigation, including discovery and entry of a discovery plan, is involved in the appeal. Under *Coinbase*, the Court should not open discovery or enter a scheduling order while the appeal is pending. The stay does not reach matters outside the appeal, because a district court "may still proceed with matters that are not involved in the appeal, such as the awarding of costs and attorney's fees." *Id.* at 1920.

## III. REQUESTED RELIEF

The Parties jointly and respectfully ask the Court to (1) extend the stay of discovery in this action until the Ninth Circuit resolves Defendants' interlocutory appeal; (2) vacate or hold in abeyance any obligation to file a proposed discovery plan and scheduling order; and (3) order the Parties to file either a joint proposed discovery plan or a joint status report within fourteen (14) days after the Ninth Circuit issues its mandate.

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

Nothing in this Joint Request waives any Party's arguments on the merits of the appeal, the enforceability of the arbitration agreements, or the scope of any claims.

DATED: October 23, 2026

**GREENBERG GROSS LLP**

By: /s/ John M. Orr
JEMMA E. DUNN
Nevada Bar No. 16229
MATTHEW T. HALE
Nevada Bar No. 16880
JOHN M. ORR
Nevada Bar No. 14251
1980 Festival Plaza Drive, Suite 730
Las Vegas, Nevada 89135

*Attorneys for Plaintiff*

DATED: October 23, 2026

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

By: /s/ Yilmaz E. Turkeri
DAVID B. AVAKIAN
Nevada Bar No. 009502
YILMAZ E. TURKERI
Nevada Bar No. 015468
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
Tel. 702.893.3383

*Attorneys for Defendants*

**ORDER**

Defendants' motion to stay discovery, Docket No. 38, is DENIED as moot. The parties' stipulation to stay discovery, Docket No. 40, is GRANTED.

IT IS SO ORDERED.

UNITED STATES MAGISTRATE JUDGE

DATED: October 30, 2026